**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MANUEL LUEVANO BENITEZ, AKA Jose Manuel Benitez Luevano, | No.  13-73180 |
| Petitioner, | Agency No. A075-118-868 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2019**
San Francisco, California

Before:  HAWKINS, McKEOWN, and BENNETT, Circuit Judges.

Jose Manuel Luevano Benitez ("Luevano"), a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") order of removal and denial of his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motion to suppress. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

The BIA did not err in concluding that the evidence of Luevano's alienage that Immigration and Customs Enforcement ("ICE") obtained during the raid of Sun Valley Floral Farms was not obtained in violation of Luevano's constitutional rights or any laws or regulations. Substantial evidence supports the BIA's conclusion that Luevano was not seized within the meaning of the Fourth Amendment when he was questioned during the raid. *See I.N.S. v. Delgado*, 466 U.S. 210, 220 (1984). Through their consensual interactions with Luevano, ICE agents developed the "reasonable suspicion" necessary to seize him and further investigate his immigration status. *See Orhorhaghe v. I.N.S.*, 38 F.3d 488, 497 (9th Cir. 1994). Thus, Luevano's Fourth Amendment claims fail. Moreover, although Luevano claims the BIA failed to address his Fifth Amendment claim, the BIA concluded that the conditions under which Luevano was seized and questioned were not sufficiently coercive that admitting the Form I-213 would violate his Fifth Amendment rights. Substantial evidence supports this conclusion. *Cf. Choy v. Barber*, 279 F.2d 642, 646–47 (9th Cir. 1960).

**PETITION FOR REVIEW DENIED.**

2